## SETH G. HUCKINS v. THE SECOND NATIONAL BANK OF EAST SAGINAW.

*Claim for reward offered for evidence.*

A bank had a claim against an individual who purported to have conveyed away certain property by a deed dated in 1872. An attorney who had discovered certain facts while prosecuting a claim against the same person, agreed with the bank for $100 to put it in possession of evidence or information which would enable it to collect its claim, and then showed facts indicating that the deed was fictitious. There was evidence tending to show that, by means of his knowledge, the bank obtained payment of its claim through proceedings against the property conveyed. *Held*, in an action for the reward, (1) that defendant's claim that furnishing the means of getting proof was not furnishing evidence, was unreasonable; (2) that the information was of a kind that in the nature of things could not be shown by documents alone; and (3) that it was for the jury to determine how far it was unknown, and whether the evidence established the plaintiff's demand.

Error to Saginaw.   Submitted Oct. 12.   Decided Oct. 19.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*W. S. Tennant* for plaintiff in error.

*Wisner & Draper* for defendant in error.

CAMPBELL, J.   Huckins sued under the common counts
for a sum of $100, which he claimed was due to him under
the following circumstances:  The defendant in April, 1876,
had a claim against one J. S. Curtis, and certain property of
Curtis' appeared of record to have been conveyed in 1872
to Elsie V. Curtis, his wife, for $5000, the deed having been
recorded in March, 1876.   Huckins, who, as an attorney
prosecuting another claim to collection against Curtis, had
discovered certain facts rendering the deed invalid, testified
that he went to representatives of the bank and proposed
that if they would give him $100 he would put them in
possession of evidence which would enable them to collect
their claim, or of information which would enable them to
do so.   A point was made on the argument that there was
some difference between these phrases, and that evidence
meant something in the form of written or other testimony
which would make out a complete case.   Of this we shall
speak presently.   The bank, as he claims, agreed to pay him
if he did so.

There appears to have been some dispute how far the
information which he furnished was unknown.   But as this
was for the jury, the important question is, what information
he furnished.   There was evidence that the bank got its
debt paid through proceedings reaching the property in
question.

The information he gave was that the deed had been
closely examined by him in all its details, and appeared to
have been freshly written, and to have been upon a blank
folding at the end and not at the side, printed by Richmond
& Backus of Detroit, and numbered 47–4–12.   That on
writing to that firm for the date of the blank bearing these
marks, they informed him that the numbers signified that
they were published April 12, 1874.   The further fact was
also given that the blanks of 1872 separated at the side and
not at the end.

That this information, if not possessed before, furnished means of obtaining proof of the fictitious character of the deed is plain. That it could be shown by documents alone, without the aid of oral testimony from the printers or publishers, was impossible in the nature of things. The claim that furnishing the means of getting proof is not furnishing evidence or information, seems to us overstraining and unreasonable. And if the defendant, as the testimony tended strongly to prove, obtained payment of its claim by means of this knowledge, the jury would certainly have been warranted in finding for the plaintiff, if they believed the case which his testimony was calculated to make out.

The court below took the case away from the jury and directed a verdict for the defendant, on the ground that there was no testimony tending to prove his cause of action. We think this charge was erroneous, and that the case should have gone to the jury for their determination.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.